PER CURIAM.
On petition of The Florida Bar, this Court issued its order directing that the respondent, Anthony Liggio-Mendez, who is not a member of The Florida Bar, show cause on or before June 1, 1973, why he should not be held in contempt of this Court for the unauthorized practice of law in this State. Article V, Section 15, Florida Constitution, F.S.A. (formerly Article *862 V, Section 23, Florida Constitution 1968); Article II, Section 2, Integration Rule of The Florida Bar, 32 F.S.A.
In its petition against unauthorized practice of law filed pursuant to Article XVI of the Integration Rule of The Florida Bar, The Florida Bar charged that respondent, a resident of Florida, engaged in unauthorized practice of law by the following acts:
“(a) That during the years of 1972 and 1973 the Respondent, Anthony Liggio-Mendez, offered the services of obtaining 24-hour divorces in the Dominican Republic to the general public by newspaper advertisements in Dade and adjacent counties.
(b) On more than one occasion Respondent, Anthony Liggio-Mendez, engaged in , the unauthorized practice of law by giving or offering to give legal counsel pertaining to the required documentation, legality, and effect on property and child custody of a Dominican Republic divorce within the State of Florida and within the United States.
(c) That on December 7, 1972, Respondent, Anthony Liggio-Mendez, did give legal counsel to Mrs. Angelico I. Lopez in a telephone conversation by advising her of what documents she would need to furnish in order to get a Dominican Republic divorce and also set a fee of $750 for obtaining such divorce.
(d) That on January 5, 1973, Respondent, Anthony Liggio-Mendez, did give legal counsel to Mrs. Angelico I. Lopez and a Florida Bar investigator in a personal interview at 3131 Ponce de Leon Boulevard, Coral Gables, Dade County, Florida, by informing them of the required documentation necessary to obtain a divorce in the Dominican Republic, advising them of the legal consequences of a Dominican Republican divorce on property settlements and alimony agreements in Florida and the United States, and the effect on a' prior agreement to support a mentally ill child in Michigan.
(e) That Respondent, Anthony Liggio-Mendez, provided a Florida Bar investigator with forms to obtain Power of Attorney from his wife in Michigan for her consent to obtain a divorce in the Dominican Republic and gave instructions in the use, filling out and the legal consequences thereof.
(f) That for all these services, Respondent, Anthony Liggio-Mendez, charged fees in various amounts.
(g) That the giving of legal counsel and advice by Respondent that foreign divorces are good and valid in all respects does cause grievous and irreparable injury to persons relying thereon.”
By letter following notice to show cause, respondent admitted the above violations, stated that he did not know that he was engaging in the unauthorized practice of law until February, 1973, when this was brought to his attention by the Assistant State Attorney of Broward County, stated that he will not engage in such activities within the State of Florida in the future, and requested this Court to issue its injunction restraining further violations of Article II, Section 2, of the Integration Rule of The Florida Bar, but prays that this Court not hold him in contempt.
Although acknowledging in his response to the Rule that he has committed the aforestated acts, respondent asserts that he has ceased such activities and will not engage in the same in the future. Accepting this statement of cooperation as true, we are satisfied that the Rule heretofore issued should be discharged, but without prejudice to further proceedings by The Florida Bar should any further activities constituting the unauthorized practice of law by respondent become known.
It is so ordered.
ROBERTS, Acting C. J., and ERVIN, ADKINS, BOYD and McCAIN, JJ., concur.