297 So.2d 305 (1974)
THE FLORIDA BAR, Petitioner,
v.
Margaret Celia NEADEL, Respondent.
No. 43766.
Supreme Court of Florida.
June 26, 1974.
Leonard Rivkind, Norman K. Schwarz, Miami Beach, and Richard C. McFarlain, Tallahassee, for petitioner.
Angus M. Stephens, Jr., of Stephens & McMillen, Miami, for respondent.
PER CURIAM.
This matter involves an unauthorized practice of law proceeding. Pursuant to request of Respondent Margaret Celia Neadel, this Court under paragraph 4(e), Article 16 of the Integration Rules of The Florida Bar, 32 F.S.A., appointed Judge David Popper, a Circuit Judge of the Eleventh Judicial Circuit of the State of Florida, to serve as referee to hold an evidentiary hearing upon the complaint and answers herein and report his findings of fact and recommendations to this Court.
The referee has duly held the hearing. A resume of his report, including his findings and recommendations, is hereinafter outlined which serves to set forth the nature of this proceeding.
The referee found as follows:
That Margaret Celia Neadel is not a member of The Florida Bar; that she is engaged in the business of advertising, soliciting, and arranging for divorces in a foreign country, namely the Dominican Republic; that in the yellow pages of the Miami telephone directory her name, address and telephone number in Miami, Florida, have recently appeared with advertisements reading: "If counseling fails 24 hour divorce Dominican Republic legal and recognized in most states call Celia Neadel" and "Divorce 24 hours Dominican Republic  call 945-5917" (Respondent's telephone number); that within the last two years Respondent has given legal advice on three specific occasions to Florida Bar investigators concerning: documents and procedure required to obtain a Dominican Republic divorce; the validity of a Dominican Republic divorce; and matters relating to custody and support in connection with matrimonial litigation; that Respondent furnished a Florida Bar investigator a power of attorney form and information sheet and gave him legal advice concerning securance of a Dominican Republic divorce and prepared for him an affidavit of publication as an alternative to the execution of the power of attorney.
That in November 1973 in Dade County, Florida, Respondent gave legal advice to Mr. and Mrs. William J.E. Black concerning securance of a divorce in the Dominican Republic, including: its validity; *306 child support, Mrs. Black's entitlement to alimony; property settlement arrangement between the two; and procedures and grounds involved in obtaining Dominican Republic divorces under the laws of the Republic. Respondent prepared for the Blacks' documents for a property settlement agreement, a waiver of alimony and a special power of attorney for Mrs. Black as defendant. Respondent caused all papers requiring signatures to be signed by the Blacks and notarized the same as a Notary Public of the State of Florida.
On or about November 29, 1973 Responden met Mr. Black at the Miami airport with ticket and necessary papers to proceed to the Dominican Republic to obtain a 24-hour divorce. Mr. Black flew there and on November 30, 1973 appeared in court with a Dominican Republic attorney arranged for by Respondent. They appeared before the judge of the court.
The referee concluded from the foregoing that Respondent gave legal advice in Florida while not being licensed to practice law herein; and that the advice as related was of such magnitude and seriousness to warrant discipline of Respondent for the unauthorized practice of law, citing The Florida Bar v. Liggio-Mendez, Fla., 279 So.2d 861, and Application of New York County Lawyers Association, 4 Misc.2d 728, 156 N.Y.S.2d 651; Kugler v. Haitian Tours, Inc., 120 N.J. Super. 216, 293 A.2d 706.
The referee recommended as follows:
"It is the finding of the Referee that the activities of MARGARET CELIA NEADEL constitutes the unauthorized practice of law, in that the said MARGARET CELIA NEADEL is engaged in the advising of others as to how to secure a foreign divorce and in providing persons interested in seeking a foreign divorce with instructions and advice concerning the procedure therefor and by arranging for such foreign divorce, all of which constitutes the practice of law by one not licensed to practice law in Florida.
"It is the opinion of the Referee that this area of the law requires the protection of the public. The activities of MARGARET CELIA NEADEL, in the opinion of the Referee, present a real danger to the public and the continued extensive advertising of foreign divorces presents a real probability of matrimonial strife and confusion. It is therefore the recommendation of the Referee that the Respondent be found in contempt of the Court and be permanently enjoined from engaging in these activities and that this Court take such other appropriate action as it may deem advisable for contempt."
It is the judgment of this Court that the report, findings and recommendations of the referee be and the same are hereby approved; that the Respondent Margaret Celia Neadel be and she is found in contempt of Court for her related unauthorized practice of law activities and is fined Two Hundred Fifty Dollars ($250), payable within twenty days to the Clerk of this Court, and is hereby permanently enjoined from further engaging in the unauthorized practice of law.
It is further ordered that The Florida Bar bring to the attention of this Court subsequent unauthorized practice of law violations, if any, of Respondent Margaret Celia Neadel for due consideration, it being the intention of this Court that if Respondent is found guilty of further violations that she be disciplined by appropriate fine and/or imprisonment. Costs in this matter are to be determined by referee and as so found are hereby assessed against Respondent.
It is so ordered.
ADKINS, C.J., and ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.